JS - 6          **LINK: 1, 8, 11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-00049 GAF (JCGx) | Date | February 20, 2013 |
|---|---|---|---|
| Title | PeriCor Therapeutics, Inc. v. American Arbitration Association | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**          **(In Chambers)**

## ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

Plaintiff PeriCor Therapeutics, Inc. ("Plaintiff") originally filed this action for declaratory and injunctive relief against Defendants American Arbitration Association ("AAA") and Merck & Co., Inc. ("Merck") in Los Angeles County Superior Court. (Docket No. 1 [Not. Of Removal ("Not.")], Ex. A [Compl.].)  Plaintiff is currently the claimant in an arbitration pending before the AAA in which it alleges that Merck breached a licensing agreement to develop and commercialize a life-saving drug known as acadesine, which is used to treat high-risk patients undergoing open heart surgery.  (Id. ¶ 11.)

Plaintiff appointed Judge Peter Lichtman (Ret.) as one of three arbitrators to preside over the matter, but Merck objected to this appointment on grounds of bias and lack of impartiality. (Id. ¶ 18.)  Plaintiff contends that the AAA "has a conflict that precludes it from deciding whether to remove Judge Lichtman as an arbitrator in the matter."  (Id. ¶ 12.)  "Specifically, Plaintiff contends that the AAA has a conflict because it was previously involved in a very heated and highly publicized litigation in which Plaintiff's counsel obtained a high profile reversal of an arbitration award, and also successfully prosecuted a claim against the AAA for improprieties in connection with its arbitrator's appointment to a case known as *O'Flaherty v. Belgum*."  (Id.)  Plaintiff therefore seeks a declaration that "the AAA is barred from deciding Merck's objection to Judge Lichtman's appointment," (id. ¶ 25), as well as an injunction

JS - 6          **LINK: 1, 8, 11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00049 GAF (JCGx) | Date | February 20, 2013 |
|----------|------------------------|------|-------------------|
| Title | PeriCor Therapeutics, Inc. v. American Arbitration Association | | |

"preliminar[ily] enjoin[ing] the AAA from making any such ruling and enjoin[ing] Merck from proceeding with the arbitration unless and until this Court determines whether the AAA is required to recuse itself."  (Id. ¶ 27.)

Defendant Merck removed the action on January 3, 2013, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  (Not. ¶¶ 8–11.)  However, because the Court concludes that the amount in controversy in this matter is too speculative, Defendant has failed to establish this Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** the case to Los Angeles County Superior Court.

**II.**
**DISCUSSION**

**A.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").  The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quotations and citations omitted).

Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006).  Federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332(a).  Defendant Merck has removed this action on the basis of diversity jurisdiction.  (Not.)  Therefore, as the removing party, Merck "has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000."  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

JS - 6          **LINK: 1, 8, 11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00049 GAF (JCGx) | Date | February 20, 2013 |
|---|---|---|---|
| Title | PeriCor Therapeutics, Inc. v. American Arbitration Association | | |

## B.  APPLICATION

The amount in controversy in this action is too speculative to support diversity jurisdiction.  Although the underlying case involves a $140 million breach of contract claim, the injunctive and declaratory relief sought in this action requires the Court to express in monetary terms the value of having a party other than the AAA determine whether Judge Lichtman may properly be appointed as an arbitrator in this case.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  Thus, the amount is "not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented."  Jackson v. Am. Bar Ass'n, 538 F.2d 829, 831 (9th Cir. 1976).  Notably, some courts hold that jurisdiction is lacking where the monetary value of injunctive or declaratory relief is "too speculative and immeasurable to satisfy the amount in controversy requirement."  See, e.g., Ericsson GE Mobile Communc'ns Inc. v. Motorola Communc'ns & Elecs., Inc., 120 F.3d 216, 221–22 (11th Cir. 1997); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 800–01 (7th Cir. 2003) (Easterbrook, J.) (dismissing equitable action where "the monetary value of a controversy cannot be estimated.")

It does not appear that the Ninth Circuit has had an opportunity to address this particular facet of the diversity jurisdiction inquiry.  However, Varadarajan v. U.S. Cricket Association, Inc., a recent case from the Northern District of California, is instructive.  12-CV-01306, 2012 WL 1252783, at *1 (N.D. Cal. April 13, 2012).  In Varadarajan, the court concluded that the monetary value of the California Cricket Academy's being labeled "non-compliant" and losing its ability to vote in the national election held by the United States Cricket Association was "speculative." Id. at *9.  The Varadarajan Court noted that the Ninth Circuit had not yet addressed this precise issue and therefore declined to dismiss the case because it did "not appear 'to a legal certainty that the claim [wa]s really for less than the jurisdictional amount.'" Id. at *9 (quoting Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1129 (9th Cir. 2000) (reversing dismissal for lack of subject matter jurisdiction where it did "not appear to a legal certainty that Crum's claim [for damages arising out of an injury at the Circus Circus Hotel-Casino] [wa]s for less than the jurisdictional amount)).  However, the Varadarajan Court also expressed that it had "serious doubts as to Plaintiffs' ability to meet the amount in controversy requirement" and noted that the Court would not "necessarily find that it ha[d] subject matter jursidiction" upon

JS - 6          **LINK: 1, 8, 11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00049 GAF (JCGx) | Date | February 20, 2013 |
|---|---|---|---|
| Title | PeriCor Therapeutics, Inc. v. American Arbitration Association | | |

"further briefing and/or factual development on a motion to dismiss or a motion for summary judgment."  Id.

Here, the amount in controversy is even more speculative than that in Varadarajan. The requested injunctive and declaratory relief is several levels removed from the underlying dispute. Although the underlying dispute involves a breach of contract action for $140 million, the request for declaratory and injunctive relief requires the Court to determine the monetary value of having a party other than the AAA make the determination of whether Judge Lichtman may be appointed as an arbitrator in this case.

Furthermore, the Varadarajan case was originally filed in federal court and therefore, under the Ninth Circuit's decision in Crum, plaintiffs' complaint could not be dismissed on the basis of an inadequate amount in controversy unless it appeared "to a legal certainty that the claim [wa]s really for less than the jurisdictional amount."  Crum, 231 F.3d at 1131.  In contrast, because this case was removed, Defendant Merck bears the burden of "proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000."  See Sanchez, 102 F.3d at 404.  Despite bearing the burden of proof on the amount in controversy issue, Merck alleges only that,

> [t]he matter in controversy in this action is an arbitration of PeriCor's claim for $140 million in damages.  Specifically, PeriCor seeks to enjoin an AAA arbitration on the basis that the AAA is allegedly biased against Kabateck Brown Kellner LLP ("Kabateck"), one of two firms representing PeriCor in the arbitration, because Kabatek sued the AAA over eight years ago on behalf of another client.  Therefore, the matter in controversy exceeds $75,000.

(Not. ¶ 14.)  The Court is therefore left with very little guidance on how to place a dollar figure on the value of having a party other than the AAA make the arbitrator appointment determination.

In light of the highly speculative nature of the value of injunctive and declaratory relief in this case, the Court concludes that Defendant has not sufficiently alleged that the amount in controversy is met.  The Court is therefore without subject matter jurisdiction and the action is **REMANDED** to Los Angeles County Superior Court.

**III.**

JS - 6          **LINK: 1, 8, 11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00049 GAF (JCGx) | Date | February 20, 2013 |
|---|---|---|---|
| Title | PeriCor Therapeutics, Inc. v. American Arbitration Association | | |

**CONCLUSION**

Accordingly, Defendant Merck has not established federal subject matter jurisdiction in this case and the Court **REMANDS** the action to Los Angeles County Superior Court. Defendants' motions to dismiss currently set for hearing March 4, 2013, are **DENIED as moot**.

**IT IS SO ORDERED.**